Lawrence Spasojevich (LS 1029)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EUGENE TABONE,

                        CASE NO. 1:21-cv-07760

        Plaintiff,         **COMPLAINT**

-against-


HUSA E84, LLC, CANVAS PROPERTY GROUP LLC, and
STONE STREET PROPERTY MANAGEMENT LLC

                        ECF Case,

        Defendants.

---

Plaintiff, EUGENE TABONE, on behalf of Plaintiff, by and through the undersigned attorneys, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendants, HUSA E84, LLC, CANVAS PROPERTY GROUP LLC, and STONE STREET PROPERTY MANAGEMENT LLC (collectively "Defendants") and states as follows:

## **INTRODUCTION**

1.     Plaintiff alleges that, under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendants: (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime wage rate; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that under the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendants: (1) unpaid wages at the building unit rate for Plaintiff as a superintendent of a building; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337, and 1343, and has supplemental jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367.

4. Venue is proper in the SOUTHERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, EUGENE TABONE, is an adult resident of New York County, New York.

6. Upon information and belief, Defendant, HUSA E84, LLC, CANVAS PROPERTY GROUP LLC, and STONE STREET PROPERTY MANAGEMENT LLC, are domestic business corporations, organized and existing under the laws of the State of New York, with a place of business located at 409-413 E 84th Street, New York, NY 10028.

7. Upon information and belief, Defendant STONE STREET PROPERTY MANAGEMENT LLC, operated as the property manager and employer in which Plaintiff was employed to act as a superintendent and issued Plaintiff paystubs.

8. Upon information and belief, Defendant, HUSA E84, LLC, was owner and operator of the building and employer in which Plaintiff was employed to act as a superintendent and issued Plaintiff's termination letter.

9. Upon information and belief, Defendant, CANVAS PROPERTY GROUP LLC, was in charge of management duties of the building which Plaintiff was employed to act as superintendent and supervised Plaintiff's day to day duties.

10. At all relevant times, Defendants, HUSA E84, LLC, CANVAS PROPERTY GROUP LLC, and STONE STREET PROPERTY MANAGEMENT LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff the minimum wage rate for all hours worked in a workweek in contravention of the FLSA and NYLL.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff the overtime wage rate for all hours worked over forty (40) hours in a workweek in contravention of the FLSA.

## STATEMENT OF FACTS

14. The unit wage rate in the City of New York for the year of 2018 was $10.00.

15. The unit wage rate in the City of New York for the year of 2019 was $10.00.

16. The unit wage rate in the City of New York for the year of 2020 was $10.00.

17. The Federal minimum wage rate for the years of 2018 through 2020 was $7.25.

18. Plaintiff was employed as a superintendent at the property located at 409-413 E 84th St, New York, NY 10028 for over twenty (20) years.

19. The property TABONE was the superintendent of contained forty-eight (48) units.

20. Upon Plaintiff's recall and recollection, TABONE regularly worked seven (7) days per week.

21. During the week and upon his recall and recollection, TABONE worked from approximately 5:00 a.m. until 7:30 a.m., cleaning the building, breaking down cardboard boxes, and taking out trash, and then again from 6:00 p.m. until 8:30 p.m., taking out the trash and cleaning the hallways and stairways.

22. Furthermore, TABONE was frequently called upon by the building's residents approximately seven (7) hours a week to respond to issues with their apartments, including repairs and building concerns.

23. On weekends, TABONE performed maintenance and construction work, including Sheetrocking, plastering, and plumbing, for approximately eight (8) hours each day.

24. As a result, TABONE typically worked approximately forty-eight (48) hours per week.

25. By way of example, during the week of October 2, 2021 and upon his recall and recollection, TABONE worked seven (7) days, from 5:00 a.m. to 7:30 a.m. and then from 6:00 p.m. to 8:30 p.m., while working eight (8) hours a day on Saturday and Sunday, and responded to approximately seven (7) hours' worth of resident complaints and concerns.

26. During this time period, TABONE was paid $650.00 per month.

27. Defendants did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

28. Plaintiff was not properly compensated wages at the per unit rate rate pursuant to New York Labor Law and Regulations.

29. Defendants knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked at the minimum wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

30. Defendants knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked over forty (40) hours in a workweek at the overtime wage rate in violation of the FLSA and the supporting Federal Regulations.

31. At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

32. Defendants did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

33. Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the minimum wage rate for all hours worked and overtime wage for all hours worked over forty (40) hours in a workweek.

34. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

35. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

36. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "35" of this Complaint as if fully set forth herein.

37. At all relevant times, upon information and belief, Defendants was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

39. Upon information and belief, at all relevant times, Defendants has/have had gross revenues in excess of $500,000.

40. Plaintiff was entitled to be paid for all hours worked in a workweek at the minimum wage rate as provided for in the FLSA.

41. Defendants failed to pay Plaintiff compensation in the lawful amount for all hours worked in a workweek as provided for in the FLSA.

42. At all relevant times, Defendants had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked in a workweek at the minimum wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

43. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked at the minimum wage rate when Defendants knew or should have known such was due and that non-payment of the minimum wage rate would financially injure Plaintiff.

44. Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

45. Defendants failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a workweek as provided for in the FLSA.

46. At all relevant times, Defendants had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

47. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate when Defendants knew or should have known such was due and that non-payment of an overtime rate would financially injure Plaintiff.

48. Defendants have failed to make, keep and preserve records concerning each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

49. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50. Defendants failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

52. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in and entitled to an award of, an amount not presently ascertainable of unpaid wages at the minimum wage rate, unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest.

53. Plaintiff is also entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

54. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "53" of this Complaint as if fully set forth herein.

55. The wage provisions of the NYLL apply to Defendants and protect the Plaintiff.

56. Pursuant to New York Labor Law and Regulations, building superintendents are paid a weekly rate for each unit in the building.

57. Defendants, pursuant to policies and practices, refused and failed to pay the earned wage at the building unit rate for a superintendent to Plaintiff for all hours worked.

58. By failing to compensate Plaintiff a wage at building unit rate for a superintendent for all hours worked, Defendants violated Plaintiff's statutory rights under the NYLL.

59. The preceding conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

60. Therefore, Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation at the building unit rate for a superintendent for all hours worked.

61. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid wages at the building unit rate for a superintendent, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

62. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 3
### [Failure to provide a Wage Notice]

63. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

65. Defendants has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

66. Through the knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

67. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4
### [Failure to provide Wage Statements]

68. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "67" of this Complaint as if fully set forth herein.

69. Defendants has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

70. Through knowingly or intentionally failing to provide the Plaintiff with a precise wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

71. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendants

failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a) An award of unpaid wages at the minimum wage rate due under the FLSA;

(b) An award of unpaid wages at the overtime wage rate due under the FLSA;

(c) An award of liquidated damages as a result of Defendants' failure to pay wages at the minimum wage rate and overtime wage rate pursuant to 29 U.S.C. § 216;

(d) An award of unpaid wages at the minimum wage rate under the NYLL;

(e) An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages at the minimum wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
September 16, 2021

Respectfully submitted

By: *Lawrence Spasojevich*
Lawrence Spasojevich (LS 1029)